### DUBOIS *against* ALLEN.

.In an action on the case for enticing away defendant's servant, the general rule of damages is the value of the service during the time the servant has been in the defendant's employ; but the jury may, in certain aggravated cases, give the whole value of the servant by way of damages.

Under the count for harboring or entertaining a servant, evidence of enticement is not necessary.

When a sum of money is paid in a neighboring state, to a master, upon the manumission of his slave, which slave immediately thereafter, and without knowing she is free, binds herself, by indenture, to serve the person, so paying, for twelve years, and is thereupon brought into this state; this is an evasion of the statute prohibiting the importation of slaves.

THIS was an action on the case, for enticing the plaintiff's indented servant from his service. The declaration contained two counts; the first, for enticing the servant from her master's service; the second, for harboring and entertaining her.

Plea, general issue.

Dubois v. Allen.

The plaintiff proved that the servant, mentioned in the declaration, had been the slave of Mr. James, of New Jersey; that, on the 15th of April, 1805, James manumitted her according to the laws of the state of New Jersey, and that she immediately thereafter, and on the same day, bound herself, by indenture, to serve the plaintiff for twelve years, who thereupon brought her with him into the state of New York. A short time after her coming into the city of New York, she left the employ of the plaintiff, and entered into the defendant's service; he, however, not knowing her, at the time, to be the servant of the plaintiff. The plaintiff demanded her of the defendant previous to the commence-ment of the action, and to this demand the defendant replied, that he would neither force her to leave his house, nor to stay with him.

After proving these facts, the plaintiff was proceeding to show the whole of his interest in the servant as the rule of damages.

The defendant contended that this was not the rule of damages; that the correct rule is the value of her services during the time she was in the employ of the defendant; and cited *Hambleton* v. *Veere*, 2 Saund. 169.

VAN NESS, J. The value of the service during the time the servant has been in the employ of the defendant is the general rule, but the jury may, in certain aggravated cases, give the whole value of the servant by way of damages. The testimony, therefore, is admissible, to enable the jury to exercise that discretion. After ill blood has been crea-ted between a master and servant, by the intermeddling of

a third person, the servant ceases to be of any value to the master.(1)

The defendant then moved a non-suit, on the ground that the plaintiff had offered no evidence of enticement.

The plaintiff cited 4 Bac. 592, and contended that he had sufficiently supported his second count.

Non-suit denied.(2)

(1) The case of *Hambleton* v. *Veere*, from Saunders, was the case of an apprentice seduced from his master's employ, after serving him five years out of a term of nine years, for which he was bound. The plaintiff there declared, that the defendant had procured the apprentice to depart out of the plaintiff's service, and that he so departed, whereby the said plaintiff lost the profit of his service for all the residue of said term. And the jury having assessed damages, generally, the court arrested the judgment, on the ground that plaintiff could only recover damages from the time of the apprentice's departure, until the exhibiting of the plaintiff's bill, and no longer, and ought so to have declared. The grounds of this decision, adopted by the court, were : 1st. that the apprentice might return, and so the plaintiff might have the services of his apprentice for the residue of the term yet to come, and, therefore, ought not to have damages for the loss of it. 2d. That the apprentice might be compelled to return, notwithstanding the bringing of this action, which does not discharge the apprentice from his apprenticeship; and, therefore, the plaintiff, if he should recover damages in this action, would be well satisfied, having both the service and damages for the loss of it. 3d. The apprentice might die within the term, and, therefore, for the residue of the term after his decease, the plaintiff ought not to recover damages. Mr. Williams, in his note to this case, cites also a variety of cases in support of the general rule adopted by the court. It would, therefore, seem that where an aggravated case occurs, the special circumstances entitling the plaintiff to the full value of the servant, ought to be averred in the declaration. I have not, however, been able to discover any precedent of such a declaration. The case of *Winsmore* v. *Greenbank*, (Willes, 577,) which was a special action on the case, for procuring and enticing a wife to absent herself from her husband, (*per quod*, he lost the profit and advantage of certain estate, devised to her,) will, however, show how the special *gravamen* may be averred.

(2) So in *Fawcet* v. *Beaeres*, (2 Lev. 63,) which was an action on the case, for knowingly harboring a servant; judgment was given in the common

The defendant then called the servant herself as a witness, who testified that, at the time the indenture to the plaintiff was signed, the plaintiff paid to Mr. James £80, and that, when she signed the indenture, she did not know that she was free.

VAN NESS, J.  I am satisfied that this case presents a mere evasion of the fourth section of the act of the 8th April, 1801, prohibiting the importation of slaves into this state.  The indenture, therefore, is void; the slave became free immediately upon her being brought by the plaintiff into this state.  The plaintiff, therefore, having no right to her services under the indenture, cannot sustain the present action.(3)

Plaintiff refused to answer when called, and was nonsuited.(4)

*Brinckerhoff* and *Ogden*, for the plaintiff.

*Slosson*, *Colden* and *Emmet*, for the defendant.

pleas by default, and error brought to the king's bench; and the error assigned was, that the action would not lie; defendant not having enticed the servant away from the plaintiff.  But the court affirmed the judgment, and held that the action would lie without enticement, defendant having notice that he was the hired servant of another.

(3) The same rule was adopted by the court, in the case of *Sable* v. *Hitchcock*, (2 Johns. Cases, 97,) affirmed in error.  Ib. 488; *Fish* v. *Fisher*, 2 Johns. Cases, 89; *Link* v. *Benner*, 3 Caine's Rep. 325; Vide *The People* v. *Lemmon*, 5 Sandf. 681.

(4) This practice is now somewhat changed by the 25th rule of the court, which declares "that the plaintiff shall have no right to submit to a non-suit after the jury have gone from the bar, to consider of their verdict."  Probably his right to submit to a non-suit, *before* they retire, remains.